O’Neall, J.
I am satisfied that the motion for a new trial must be granted. The rule that a party to a deed cannot be allowed to give evidence to impeach it, has been long since overruled. Jordaine v. Lashbrook, 6 T. R. 601; Knight v. Packhard, 3 M’C. 71; Bobo v. Bostick, 2 Bail. 106. The fact that the witness is a party to the deed, is not enough of itself, to render him incompetent; he must also be interested in the event of the suit, and in favor of the party offering him as a witness. If he is disinterested, the fact of being a party to the deed, goes only to his ' credit, and not to his competency. The sheriff had no interest to set aside his own sale and deed. If, however, he had any interest in the question, it was equally balanced between these parties. For whether his deed was set aside or sustained, if he received the debt, interests and costs on the fi. fa. before he sold under it, he would be liable to one or the other of the parties for damages, to be assessed upon the value of the land. So that, he was competent to answer the question put to him. It only remains to be seen, whether, taking it as true, that before the sale, the debt, interest and costs, had been paid to the sher- *416 ^ M would avoid the sale to, and purchase by, the plaintiff. I think it is clear that it would. The pay-merit of the amount due on an execution, is, in law, satisfaction. This is the case if the payment is made by the sheriff, out of his own money to the plaintiff. Martin v. Gowdy, dicided at the last Term.* Reid v. Pruyn & Staats, 7 J. R. 426; Sherman v. Boyce, 15 J. R. 443. If a payment by the sheriff to the plaintiff, without any intention of satisfying the execution, is, in itself, a legal satisfaction, and destruction of the execution, how can it be pretended that a payment by the defendant, to the sheriff or plaintiff, is not also a satisfaction, and legal determination of the existence of the execution? But it is said this cannot effect the purchaser. Why ? He is bound to see that the sheriff has authority to sell. It is not enough to comply with this proposition, that an execution should be produced. If it is void for the want of a judgment to sustain it, or as issued upon a judgment void in law, it will not support the purchaser’s title. Prima facie, an execution which has been paid to the sheriff or the plaintiff, may sustain the sheriff ’s deed; that is, on its face, it exhibits a legal authority to sell. But this may be rebutted by the defendant; he may show that before the sale, the execution was paid, and thereby the sheriff’s authority to sell, ended. For I take it, an execution against the land of a defendant, is nothing more than the authority of the law to sell it, in satisfaction of the debt and costs recovered. If the debt and costs are paid, the authority is ended; and if the sheriff then sells, he sells without authority, and his sale is void. If-it was a mere irregularity in the sale, the purchaser would not be affected by it. But satisfaction is the determination of the sheriff’s authority, and is matter of substance, shewing that he had no right to sell, and that therefore the purchaser can acquire no title by his sale. The question put to the sheriff would, if it had been answered in the affirmative, have proved the fact of payment to him before sale, and would thus have fully made out the defendant’s defence.
Bargan, for the motion.
The presiding Judge erred in sustaining the objection to the question', and the motion for a new trial is granted.

 See nnxt case.